PETER McCORNACK et al., Appellees, v. CENTRAL STATE BANK, Appellant.

JANUARY 8, 1929.

*George E. Brammer*, for appellant.

*Volney Diltz* and *Parsons & Mills*, for appellees.

EVANS, J.—This case has been before us upon a previous appeal. See *McCornack v. Central State Bank*, 203 Iowa 833. Many of the debatable questions in the case were considered and  decided by us on the former appeal. On such appeal, the case received very extensive consideration, and decision was finally made by a divided court. The majority opinion necessarily became the law of the case, and we shall not discuss again the questions settled on that appeal. The details of the case are fully set out in such former opinion, and we shall avoid repetition thereof here as much as possible.

Sufficient now to say that one Halvorson obtained from the plaintiff a check purporting to be drawn to one Kutsman, as payee. The plaintiff received for such check the purported obligation of said Kutsman. Kutsman was nonexistent. The check in such form was fraudulently obtained by Halvorson, and was fraudulently negotiated by him by the false indorsement of the name of the purported payee. Having been so indorsed, the check passed through regular banking channels until it reached the defendant, on which it was drawn, and by which it was innocently paid. On the former appeal, we reversed the judgment below, and remanded it for trial, upon one ground only. We held that the defense of negligence pleaded by the defendant presented a jury question, and the case was remanded for the purpose of trying such issue to a jury. Such trial was had in the district court. The issue of negligence was submitted to the jury, and the verdict went against the defendant. Though there are many assignments of error stated in the brief, many of them wholly inadequate, the one real question argued by the appellant is that of negligence.

At the close of the evidence, the appellant moved for a directed verdict, on the ground that the negligence of the plaintiff was conclusively proved. After verdict, it moved to set the same aside on the same ground; and such is the question now presented.

The trial court instructed the jury that the plaintiff was entitled to recover unless the defendant had proved the negli-

gence of the plaintiff and that such negligence resulted to the prejudice of the defendant. The general proposition here stated was in accord with our holding on the former appeal. It appears from the evidence that the check in question was issued about the first of March, 1922; that the plaintiff had many transactions with Halvorson after such date; that, about September, 1923, the plaintiff discovered a discrepancy in his accounts, in that a check for $4.00 issued to Halvorson had been raised to $400. The argument is that this circumstance gave definite notice to the plaintiff that Halvorson was a dishonest man, and that the legal duty devolved upon him at once to so advise the defendant bank. There is no claim that there was any relation between the two transactions. No claim arose out of such transaction against the bank, nor does it appear to have had any interest therein whatever. The significance of such circumstance, as notice to the plaintiff, would depend upon the circumstances surrounding the transaction. Halvorson seems to have explained it to the satisfaction of plaintiff. Even if his explanation had not been wholly satisfactory, it would still be a debatable question whether it was sufficient to charge the plaintiff with notice that his check of March, 1922, had been drawn to a spurious payee, and that the mortgage which he held against Kutsman was purely fictitious. The defendant was permitted to put in evidence all of the circumstances. In submitting the whole issue of negligence to the jury under all the evidence, the district court simply followed our very definite pronouncement in that regard. We held also, upon the former appeal, that the burden was on the defendant, not only to show the negligence of the plaintiff, but that such negligence resulted to its prejudice. Evidence was introduced on this latter issue, which was also submitted to the jury. Under the evidence, the jury was warranted in finding that the defendant suffered no prejudice for want of information concerning the raised check, in that Halvorson was at that time insolvent. Some complaint is made in argument of the instructions of the court on this issue, and of the refusal of the court to  give certain instructions requested by the defendant. No adequate ground of reversal or assignment of error to cover this point has been made. Our rules require that such assignment be definite and complete in itself. It should not refer us to the

abstract (as appellant has done), to discover the error. That part of the record upon which error is predicated should be incorporated into the assignment of error. In other words, when we have read the assignment of errors, we should know definitely just what the alleged errors are. We may say, however, that we have read the instructions. They are obedient to our holding on the former appeal. We have read also the requested instructions. They are very similar to the instructions actually given. We think the latter gave to the appellant all that it was entitled to.

The appellant pleaded payment by Halvorson to the plaintiff. At the close of the evidence, this defense was withdrawn, for want of evidence in its support. Appellant predicates error on this ruling. In our judgment, the ruling was clearly correct. The evidence introduced by the appellant in support of this defense was indirect, and even fanciful. It appears that Halvorson maintained an account in the Shaffer Bank, the books of which bank were in evidence. Items appeared in Halvorson's account showing checks by him to the plaintiff on dates subsequent to March 1, 1922. It appears that the plaintiff had many transactions with Halvorson, and suffered many frauds at his hands. What transactions involved the checks thus appearing upon Halvorson's account, is not disclosed. The attitude of the defendant is that it has traced funds from Halvorson into the hands of the plaintiff, and that it is entitled to a presumption that the plaintiff is still holding such funds as unapplied credits in favor of Halvorson. The appellant was not entitled to such presumption. To support its plea of payment, it was incumbent upon it to prove payment. To trace funds from Halvorson to McCornack in other transactions was not proof of payment of the check involved herein. Nor did such proof cast upon plaintiff any burden of explanation. It was the privilege of the appellant to interrogate the plaintiff, and to show by him, if it could, that such funds were received in payment of this transaction. The appellant attempted nothing of that kind. It stopped short, therefore, of sustaining its burden of proof. The defense of payment was, therefore, properly withdrawn. We discover no error in the present record.

The judgment below is, accordingly,—*Affirmed.*

All the justices concur.